**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SCOTT ALLEN JONES, ET AL.,** | ) | **CASE NO.1:09CV2524** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **WALKER MFG. CO., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's (sic) Motion to Remand with Request for Attorney Fees (ECF #3).

On September 10, 2009, Plaintiffs Scott Allen Jones and Shauna Jones filed their Complaint in Cuyahoga County Court of Common Pleas alleging claims for product liability under Ohio state statute and Ohio common law, negligence, breach of warranty, and loss of consortium against Defendants Walker Manufacturing Company ("Walker") and Emmett Equipment Company ("Emmett"). Service was completed on Defendants on 09/28/09 and 09/24/09 respectively.

On October 28, 2009, Defendant Walker removed the action to this Court, pursuant to 28 U.S.C. § 1332, on the basis of diversity of parties. The Complaint alleges that the Plaintiffs are

Arizona residents while Walker is a Colorado resident and Emmett is an Ohio resident. On November 21, 2009, Plaintiffs filed their Motion to Remand for lack of subject matter jurisdiction. The parties do not dispute that the claims asserted in the Complaint do not present a federal question.

Plaintiffs Motion to Remand contends that not all Defendants consented to the removal and the "forum defendant rule" prohibits removal where at least one Defendant is a resident of the forum state. Defendants argue that all Defendants have consented, notice of removal was filed within 30 days of the service, the parties are all diverse, 1441(b) is a procedural requirement that can be waived, and Emmett is "most likely the seller, not the manufacturer, and will be dismissed from this suit." (Brief in Opposition to Plaintiff's (sic) Motion to Remand and for Attorney Fees, pg. 2) (ECF # 4).

The Court holds that removal was improper under 28 U.S.C. § 1441(b) which states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. ***Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*** (Emphasis added).

As courts within this circuit have held, "the presence of even one resident defendant precludes removal where the only asserted basis of federal subject matter jurisdiction is diversity of citizenship." *Balzer v. Bay Winds Federal Credit Union,* 622 F. Supp.2d 628, 629 (W.D. Mich. 2009) citing *Chase Manhattan Mort. Corp. v. Smith,* 507 F.3d 910, 914 (6th Cir.2007).

Because the face of the Complaint demonstrates that Emmett is an Ohio resident, removal was improper under 1441(b) and the Court orders the case remanded to Cuyahoga County Court of Common Pleas for further proceedings.

Plaintiffs further request attorney fees and costs incurred in opposing the removal. 28 U.S.C. § 1447(c) states in pertinent part:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

The Court Orders the parties to Show Cause why the Court should or should not grant fees and costs incurred as a result of the removal. Parties shall submit cross briefs supported by evidence, if any, no later than December 22, 2009.

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

December 16, 2009